# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

LATANYA SPRIGGS,

    Plaintiff,

v.

MERCEDES-BENZ USA, LLC,

    Defendant.

CIVIL ACTION NO.: 2:13-cv-51

## **O R D E R**

This matter is before the Court on Defendant Mercedes Benz USA, LLC's ("Defendant") Motion in Limine. (Doc. 64.) Plaintiff filed a Response. (Doc. 75.) Defendant filed a Reply, as supplemented. (Docs. 79, 85.) For the reasons which follow, Defendant's Motion is **GRANTED**.

## BACKGROUND

Plaintiff Latanya Spriggs ("Plaintiff") began working at Defendant's Vehicle Processing Center ("VPC") in Belcamp, Maryland, in October 1999. Plaintiff applied for a transfer to the VPC in Brunswick, Georgia, as a Parts Person. Plaintiff was hired for this position over other applicants, and began working at the Brunswick VPC on January 4, 2010. (Doc. 51, p. 2.) Plaintiff, who is black, asserts that her managers began treating her in a discriminatory manner vis-à-vis the white employees shortly after she began working at the VPC in Brunswick. (Doc. 1, p. 3.) Specifically, Plaintiff asserts management refused to listen to her ideas or suggestions at management meetings, where she was the only black employee present. Plaintiff contends her supervisors did not respond to her emails and refused to communicate with her

regarding the performance of her job. (Id.) Plaintiff avers her supervisors made comments about her work attire being inappropriate, made false accusations against her regarding her interactions with her co-workers, and made "snide" comments about her husband, who also worked at the VPC in Brunswick. According to Plaintiff, these actions were taken because of her race. Plaintiff alleges she verbally complained about the treatment she received to her supervisor, Charles Taylor, yet the treatment continued. (Id. at p. 4.) Plaintiff states Defendant fired her on November 23, 2010, without cause and replaced her with a white male. (Id. at p. 5.) Plaintiff filed a charge of discrimination, as amended, with the Equal Employment Opportunity Commission ("EEOC") based on her contentions Defendant discriminated against her because of her race and had retaliated against her for her complaints about her treatment.

Plaintiff filed a cause of action against Defendant pursuant to 42 U.S.C. §§ 2000e, *et seq.*, ("Title VII") and 42 U.S.C. § 1981 and alleged in her four (4) count Complaint that Defendant: treated her differently than similarly situated white employees (Count I); retaliated against her by terminating her because she objected to and complained about racial discrimination and by providing false or misleading information to prospective employers (Counts II and IV); and intentionally discriminated against her due to her race (Count III).[1] (Doc. 1.)

Defendant filed a Motion for Summary Judgment, (doc. 34), to which Plaintiff filed a Response, (doc. 39.) Chief Judge Lisa Godbey Wood granted Defendant's Motion in part and denied it in part. (Doc. 51.) Chief Judge Wood denied Defendant's Motion on Counts I and III and the portions of Counts II and IV in which Plaintiff stated Defendant retaliated against her based on her verbal complaints about workplace discrimination. Chief Judge Wood granted Defendant's Motion on Counts II and IV as to those portions in which Plaintiff alleged

---

[1] Plaintiff filed her Complaint in United States District Court for the District of New Jersey, and this cause of action was transferred to this Court after Defendant's motion to transfer venue was granted by the New Jersey court. (Docs. 7, 12.)

Defendant retaliated against her based on her written complaints and by making false statements about her to prospective employers. (Id. at p. 2.)

Chief Judge Wood specifically found that, although Plaintiff did not present evidence of similarly situated white employees (or comparators) who were treated differently than she was, Plaintiff did present circumstantial evidence which would allow the trier of fact to determine whether Defendant discriminated against her based on her race. (Id. at p. 31.) Chief Judge Wood determined Plaintiff's allegation that she was terminated as a retaliatory measure based on her written survey failed because management did not receive the results of this survey "until the first quarter of the following year after Plaintiff's termination." (Id. at p. 37.) Chief Judge Wood also determined Plaintiff failed to present evidence to support her claim that Defendant retaliated against her by making false accusations against her to prospective employers. (Id. at p. 39.) However, Chief Judge Wood found Defendant was not entitled to summary judgment on Plaintiff's claims that she was retaliated against by being fired based on her verbal complaints of racial discrimination. (Id. at p. 38.) Thus, Plaintiff's contentions that Defendant discriminated against her based on her race and that Defendant retaliated against her after she made verbal complaints about alleged racial discrimination by terminating her are the claims remaining before the Court.

With its Motion in Limine, Defendant seeks to exclude from the trial of this case evidence and argument related to any written comments Plaintiff made in the November 2010 survey, alleged retaliation relating to post-termination conversations Defendant may have had with potential future employers, and comparators. (Doc. 64, p. 1.) The Court's ruling on each of these matters follows.

**DISCUSSION**

**I. Argument and Evidence Relating to Alleged Retaliation Based on Plaintiff's Written Comments in the November 2010 Survey**

Defendant asserts the Court has dismissed the portion of Plaintiff's retaliation claim based on her written comments, and accordingly, this Court should exclude evidence or argument relating to Plaintiff's allegation Defendant terminated her employment for the comments she made in the November 2010 written survey. Defendant maintains any evidence or argument as to this claim is not relevant to Plaintiff's remaining claims and would confuse or mislead the jury. Defendants states the Court should exclude these specific categories of trial, affidavit, or deposition testimony and documentary evidence which relate to Plaintiff's retaliation claim based on this survey: 1) Plaintiff's complaints of racial discrimination found in her responses to the November 2010 survey; 2) who administered the survey and how it was administered; 3) whether Plaintiff's written survey complaints mirrored or were similar to other complaints she made to management; 4) any complaints Plaintiff made that management was using Performance Management Plans ("PMPs") against employees, as Plaintiff testified the only complaints she ever made about the PMPs were in the written survey; 5) any complaints of race discrimination or the need for diversity training by any employees on this survey; 6) the proximity in time between the administration of this survey and Defendant's decision to terminate Plaintiff; and 7) whether Plaintiff's handwriting is "distinct and recognizable". (Id. at p. 3.)

Plaintiff responds that Defendant "seeks the exclusion of an extraordinarily broad range of evidence," which disregards uses of this testimony regarding the survey in other ways.[2]

---

[2] Plaintiff does not oppose Defendant's Motion "to the extent that testimony is excluded based upon the Court's" Order on Defendant's summary judgment motion that Plaintiff's termination was not causally linked to this survey. (Doc. 75, p. 2.)

(Doc. 75, p. 2.) Plaintiff asserts this evidence is relevant to a claim of discriminatory hostile work environment, which must be evaluated under the totality of the circumstances. Plaintiff avers the statements she made in the written survey show her then-existing state of mind that she was working in a discriminatory environment. Plaintiff asserts she can testify as to what is in the survey which is reflective of her state of mind, but she does not seek the admission of the completed survey into evidence. Plaintiff states she can provide testimony regarding her perception of the workplace at the time she completed this survey and her attempts to raise issues of discrimination and remedies in this survey, which would be relevant, admissible testimony.

As a general rule, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Nevertheless, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, any evidence pertaining to the written survey conducted in November 2010 is not relevant to the issues remaining for the jury's determination. As noted above, Chief Judge Wood's ruling on Defendant's Motion for Summary Judgment effectively prevents the presentation of evidence relating to this survey. Plaintiff cited to her written responses to this November 2010 survey as a reason underlying her claim that Defendant's decision to terminate her was retaliatory in nature. However, Chief Judge Wood considered this assertion and found: "Plaintiff's allegation that she was terminated for complaining of unlawful employment practices in the written survey fails because she cannot satisfy the causation requirement if her prima facie

case as it relates to that allegation." (Doc. 51, p. 37.) Thus, this evidence has been rejected previously and is not relevant to the remaining issues before the Court.

Even if this evidence were relevant, it nonetheless would be inadmissible because any presentation of evidence relating to this written survey has the potential to confuse the issues before the jury. While Plaintiff's claim that she was terminated as retaliation for engaging in protected speech remains a viable claim for the jury's consideration, the sole basis for this claim is that Plaintiff made <u>verbal</u> complaints about racial discrimination, not that she made written comments.

This portion of Defendant's Motion is **GRANTED**, and Plaintiff is precluded from presenting any evidence pertaining to the November 2010 written survey.[3]

## II. Evidence and Argument Related to any Alleged Retaliation due to Defendant's Post-Termination Conversations with Potential Future Employers

Defendant contends this Court also rejected Plaintiff's claim that Defendant retaliated against her by having conversations with prospective employers, which allegedly resulted in Plaintiff not getting a job with Georgia Pacific. As with the evidence relating to the survey, Defendant contends evidence relating to its alleged efforts to sabotage Plaintiff's post-termination employment efforts should be excluded as irrelevant and likely to confuse and mislead the jury. (Doc. 64, p. 4.) Defendant urges the Court to exclude any trial, affidavit, or deposition testimony relating to these specific categories of evidence: 1) Defendant's policies regarding employment references; 2) how Defendant handled reference requests about Plaintiff; 3) whether reference requests about Plaintiff were handled consistently with its policy

---

[3] This ruling is in no way intended to prevent Plaintiff from presenting evidence that she was terminated as retaliation based on her verbal complaints as to her belief that racial discrimination existed at the VPC in Brunswick.

6

or practice; and 4) what managers may have told prospective employers about Plaintiff's employment status or performance. (Id.)

Plaintiff claims she is not seeking "to generally admit evidence of post-termination retaliation." (Doc. 75, p. 4.) Plaintiff also claims she does not object to the limitations Defendant seeks on the use of statements and evidence of post-termination retaliation, as long as Defendant does not open the door to such evidence by asking Plaintiff about the specifics of her Amended EEOC Charge. Plaintiff asserts that, if Defendant uses the Amended EEOC Charge at trial, she should have the ability to present evidence regarding her good faith belief that Defendant retaliated against her after she was fired.[4]

This portion of Defendant's Motion is **GRANTED** as unopposed at this time. The Court notes Defendant's assertion that it has no intention of opening the door to any evidence regarding Plaintiff's post-termination retaliation claim based on the specifics of her Amended EEOC Charge. In the event Defendant does open the door to this evidence, Plaintiff can then voice any objection to Defendant's presentation of this evidence or she can ask questions and present testimony regarding Defendant's alleged post-termination retaliation actions against her.

## III. Comparator Evidence and Argument

Defendant alleges that, although the Court found Plaintiff could proceed to trial on her discrimination claim, it did so on a limited basis. Defendant maintains that the Court rejected Plaintiff's use of comparator evidence that she was treated differently than similarly situated white employees and stated Plaintiff "'either misrepresents the record entirely or relies on comparators who are not similarly situated to her.'" (Doc. 64, p. 5) (quoting Doc. 51, p. 29.)

---

[4] Plaintiff avers she does not plan to use the Amended EEOC Charge at trial and would agree to Defendant withdrawing the Charge as a joint exhibit. (Doc. 75, p. 5 n.2.) If the parties wish to withdraw this Charge as a joint exhibit, they are free to do so but must notify the Court of this withdrawal prior to the trial of this case.

7

Defendant also maintains the Court viewed Plaintiff's proffered comparator evidence as "'easily dismissed as routine disciplinary measures or, at most, common rudeness in the workplace.'" (Id.) (quoting Doc. 51, p. 33.) Defendant notes the Court determined Defendant failed to establish a lack of a disputed issue on a material fact as to the "convincing mosaic of circumstantial evidence" standard. (Id.) However, Defendant asserts, the only contention this Court found raised a "'possible inference of discrimination'" is Plaintiff's assertion that Charles Taylor, her supervisor, told Plaintiff Richard Whitmore and Richard Gerhart did not like her because of her race. (Id. at p. 6) (quoting Doc. 51, p. 32.) Based on this Court's ruling, Defendant contends the following allegations of differential and discriminatory treatment should be excluded: 1) management's alleged refusal to listen to Plaintiff's ideas during management meetings; 2) management's alleged failure to respond to emails or to otherwise communicate with Plaintiff regarding issues pertinent to her job function; 3) alleged comments about Plaintiff's work attire, her husband working at the VPC in Brunswick, and interactions with other Brunswick VPC employees; 4) alleged opportunities management gave to white employees to improve upon performance and behavioral issues which were not afforded to Plaintiff; and 5) management's alleged failure to discipline white employees with equally serious "behavioral" issues as Plaintiff's. (Id. at p. 5.) Defendant avers this evidence should be excluded as irrelevant to the issues remaining before the Court and would confuse and mislead the jury.

Plaintiff maintains she is entitled to present evidence of the work environment she was subjected to in its totality so that the jury can consider whether a discriminatory environment existed. Plaintiff contends the incidents Defendant seeks to exclude are part of her harassment[5]

---

[5] Plaintiff averred she "has not asserted a separate claim for either 'harassment' or hostile work environment based on race under Title VII or 42 U.S.C. § 1981." (Doc. 39, p. 3, n.3) (citing Compl., ¶¶ 31–35, 41–47.) Defendant notes Plaintiff failed to set forth any harassment or hostile work environment claim in her portion of the Pre-Trial Order, (doc. 54, p. 5), and cannot modify the Pre-Trial

8

and discrimination evidence which leads to an inference of unlawful discrimination, if the jury were to believe evidence relating to these incidents.  Plaintiff also contends the Court cannot weigh evidence or pigeonhole it as being related to only one type of claim, which seems to be Defendant's goal.  Plaintiff asserts the jury can consider evidence relating to the discrimination claim, such as management's refusal to listen to her ideas during meetings or its failure to respond to her emails or otherwise communicate with her regarding job function issues.  Plaintiff maintains this is certainly true in light of Mr. Taylor's alleged statement that Mr. Whitmore and Mr. Gerhart did not like her because she is black.

Chief Judge Wood ruled that Plaintiff, in attempting to identify white employees who were treated differently than she was, "either misrepresents the record entirely or relies on comparators [i.e., similarly situated employees] who are not similarly situated to her."  (Doc. 51, p. 29.)  Judge Wood specifically rejected Plaintiff's comparator examples of white employees being given the opportunity to be aware of and to improve their performance and behavioral issues and two white employees who were not disciplined for their "equally serious behavioral issues".  (Id. at pp. 29–31.)  Consequently, Plaintiff cannot present evidence to the jury that she was treated differently than similarly situated white employees, and the allegations enumerated at Numbers 4 and 5 of this section clearly are excluded by the Court's Order on Defendant's Motion for Summary Judgment.  Additionally, Plaintiff may not present evidence regarding comments about spouses working together, Plaintiff's interactions with other employees, and her work attire, (allegation enumerated as Number 3), as such evidence is clearly excluded based on Chief Judge Wood's Order.  (Id. at p. 32) (finding Plaintiff's "allegations do not give rise to an inference of discrimination (e.g., there is no evidence to support Plaintiff's contention that

---

Order pursuant to Federal Rule of Civil Procedure 16(e).  (Doc. 79, p. 5) ("Federal Rule of Civil Procedure 16(e) dictates that the pretrial order can only be modified 'to prevent manifest injustice.'".)

9

Whitmore's comment about spouses working together was racial in nature, and McIntyre's alleged false accusations do not create such an inference of discrimination by a decisionmaker because she was not a manager over Plaintiff)."); (id. at p. 33) ("[T]he rest of Plaintiff's proffered examples of discrimination are easily dismissed as routine disciplinary measures or, at most, common rudeness in the workplace[.]".)  This portion of Defendant's Motion is **GRANTED**.

However, the remaining two (2) enumerated allegations Defendant seeks to exclude are not so easily characterized as inadmissible.  While Plaintiff's assertions that management did not listen to her ideas during meetings and did not communicate with her about her job functions may fall under the "common rudeness in the workplace", (doc. 51, p. 33), umbrella Chief Judge Wood described, such is not clear based on Chief Judge Wood's Order.  To the extent these allegations fall under this umbrella, evidence relating to these allegations would be inadmissible at trial.  Fed. R. Evid. 401 & 403.  Therefore, Plaintiff would, of course, not be permitted to present evidence regarding these allegations that management treated white employees differently than they treated her.[6]  This portion of Defendant's Motion is **GRANTED**.

## CONCLUSION

For the reasons set forth above, Defendant's Motion in Limine, (doc. 64), is **GRANTED IN PART AS UNOPPOSED** and otherwise **GRANTED**.  Plaintiff shall not present testimony or evidence related to inadmissible testimony and evidence, as outlined in this Order.  Because this case is set for trial on Tuesday, September 1, 2015, an expedited period for Objections is required.  Therefore, any party seeking to object to any portion of this Order **must** file written

---

[6] If these allegations do not fall within the "workplace rudeness" category, it can be gleaned that Chief Judge Wood considered these allegations to evidence concerning Plaintiff's comparator arguments. (Doc. 51, pp. 4–5.)

10

Objections **no later than five (5) days after the entry of this Order upon the docket and record of this case.**

**SO ORDERED**, this 21st day of August, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA