# In the United States District Court
# For the Southern District Of Georgia
# Brunswick Division

| | | |
|---|---|---|
| LATANYA SPRIGGS, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: CV213-051 |
| | * | |
| v. | * | |
| | * | |
| MERCEDES-BENZ USA, LLC, | * | |
| | * | |
| Defendant. | * | |

## ORDER

In this employment discrimination action, the Magistrate Judge issued an Order granting Defendant's Motion in Limine to exclude certain evidence at trial. Dkt. No. 88. Plaintiff has now filed limited Objections to that Order, dkt. no. 94, and Defendant has filed a Response, dkt. no. 95. In these pleadings, the parties raise evidentiary arguments not specifically raised by Defendant's Motion in Limine, and, therefore, not addressed in the Magistrate Judge's Order. However, these arguments pertain to the same evidence addressed by the Magistrate Judge's Order. Furthermore, it is in the interest of judicial efficiency to resolve the parties' disputes now rather than in the midst of trial. Therefore, the Court addresses the parties' arguments, and for the reasons set forth

below, **SUSTAINS** Plaintiff's Objections. The Magistrate Judge's Order is amended as follows.

## BACKGROUND

Plaintiff Latanya Spriggs ("Plaintiff") began working at Defendant's Vehicle Processing Center ("VPC") in Belcamp, Maryland, in October 1999. Plaintiff applied for a transfer to the VPC in Brunswick, Georgia, as a Parts Person. Plaintiff was hired for this position over other applicants and began working at the Brunswick VPC on January 4, 2010. Dkt. No. 51, p. 2. Plaintiff, who is black, asserted in her Complaint that her managers began treating her in a discriminatory manner as compared to the white employees shortly after she began working at the VPC in Brunswick. Dkt. No. 1, p. 3. Specifically, Plaintiff asserted management refused to listen to her ideas or suggestions at management meetings, where she was the only black employee present. Plaintiff contended her supervisors did not respond to her emails and refused to communicate with her regarding the performance of her job. Id. Plaintiff averred her supervisors made comments about her work attire being inappropriate, made false accusations against her regarding her interactions with her co-workers, and made "snide" comments about her husband, who also worked at the VPC in Brunswick.

According to Plaintiff, these actions were taken because of her race. Plaintiff alleged she verbally complained about the

treatment she received to her supervisor, Charles Taylor, yet the treatment continued. Id. at p. 4. Plaintiff stated Defendant fired her on November 23, 2010, without cause and replaced her with a white male. Id. at p. 5. Plaintiff filed a charge of discrimination, as amended, with the Equal Employment Opportunity Commission ("EEOC") based on her contentions that Defendant discriminated against her because of her race and had retaliated against her for her complaints about her allegedly discriminatory treatment.

Plaintiff filed a cause of action against Defendant pursuant to 42 U.S.C. §§ 2000e, et seq., ("Title VII") and 42 U.S.C. § 1981 and alleged in her four (4) count Complaint that Defendant: treated her differently than similarly situated white employees (Count I); retaliated against her by terminating her because she objected to and complained about racial discrimination and by providing false or misleading information to prospective employers (Counts II and IV); and intentionally discriminated against her due to her race (Count III). Dkt. No. 1.

Defendant filed a Motion for Summary Judgment, dkt. no. 34, to which Plaintiff filed a Response. Dkt. No. 39. The Court granted Defendant's Motion in part and denied it in part. Dkt. No. 51. Specifically, the Court denied Defendant's Motion on Counts I and III and the portions of Counts II and IV in which

Plaintiff stated Defendant retaliated against her based on her verbal complaints about workplace discrimination. The Court granted Defendant's Motion on Counts II and IV as to those portions in which Plaintiff alleged Defendant retaliated against her based on her written complaints and by making false statements about her to prospective employers. Id. at p. 2.

In its summary judgment ruling, the Court found that, although Plaintiff did not present evidence of similarly situated white employees (or comparators) who were treated differently than she was, Plaintiff did present circumstantial evidence which would allow the trier of fact to determine whether Defendant discriminated against her based on her race. Id. at p. 31. Specifically, the Court held that evidence that Plaintiff's direct supervisor, Charles Taylor, told Plaintiff that two other managers who were involved in her termination did not like her because she was black, "taints the trio's decision to terminate Plaintiff with a possible inference of discrimination." Id. at p. 32. The Court found that Plaintiff's claims that Defendant fired her in retaliation for her verbal complaints of racial discrimination survived summary judgment. Id. at p. 38.

However, the Court determined Plaintiff's allegation that she was terminated as a retaliatory measure based on her written survey failed because management did not receive the results of

this survey "until the first quarter of the following year after Plaintiff's termination." Id. at p. 37. The Court also determined Plaintiff failed to present evidence to support her claim that Defendant retaliated against her by making false accusations against her to prospective employers. Id. at p. 39. Thus, Plaintiff's claims that Defendant discriminated against her based on her race and that Defendant retaliated against her after she made verbal complaints about racial discrimination remain before the Court.

In light of the Court's ruling on its Motion for Summary Judgment, Defendant filed a Motion in Limine seeking the exclusion of various categories of evidence and testimony during the trial of this case. Dkt. No. 64. Plaintiff filed a Response to Defendant's Motion, dkt. no. 75, and Defendant filed a Reply, as supplemented. Dkt. Nos. 79, 85. The Magistrate Judge issued an Order on August 21, 2015, granting Defendant's Motion. Dkt. No. 88. Plaintiff filed limited Objections to the Magistrate Judge's Order. The Court now addresses those Objections.

## DISCUSSION

As an initial matter, Plaintiff did not object to the majority of the Magistrate Judge's Order. Specifically, Plaintiff has not taken any issue with the Magistrate Judge's exclusion of the following categories of evidence:

1) Plaintiff's written comments in the November 2010 survey dkt. no. 88, pp. 4-6; 2) Defendant's post-termination conversations with potential future employers, id. at pp. 6-7; 3) alleged comments about Plaintiff's work attire, her husband working at the VPC in Brunswick, and interactions with other Brunswick VPC employees, id. at pp. 7-10; 4) alleged opportunities management gave to white employees to improve upon performance and behavioral issues which were not afforded to Plaintiff, id.; and 5) management's alleged failure to discipline white employees with equally serious "behavioral" issues as Plaintiff's, id. As Plaintiff has not called those rulings into question, the Magistrate Judge's rulings on these matters will remain the Order of the Court, and nothing in this Order should be construed to disturb the resolution of those issues.

However, Plaintiff does object to the Magistrate Judge's Order "to the extent it excludes evidence relating to Defendant concerning: 1) Management's alleged refusal to listen to Plaintiff's ideas during management meetings; and 2) Management's alleged failure to respond to emails or to otherwise communicate with Plaintiff regarding issues pertinent to her job function."[1] Dkt. No. 94, p. 1. Defendant's Motion in Limine sought to exclude these areas of evidence as "comparator

---

[1] In the Objections and Response thereto, the parties refer to these two categories as the "Enumerated Allegations." The Court uses that same designation herein.

evidence" based on the Court's summary judgment Order. Dkt. No. 64, pp. 4-6. As the Magistrate Judge noted, these Enumerated Allegations "are not so easily characterized as inadmissible." Dkt. No. 88, p. 10. However, the Magistrate Judge ultimately ruled that Plaintiff could not use this evidence to show that she was treated differently than white employees. Id.

In her Objections, Plaintiff does not seek to introduce this evidence as comparator evidence. Rather, she maintains the Enumerated Allegations are relevant to her claims of discrimination, without reference to how other employees may have been treated. Plaintiff emphasizes that the Court "acknowledged that [her] case is based 'on a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker.'" Id. (quoting Dkt. No. 51, p. 31). She contends the Court's summary judgment Order "indicates the Enumerated Allegations were not considered as comparator evidence[,]" nor were these Enumerated Allegations included under the umbrella of common workplace rudeness. Id. at p. 3(citing Dkt. No. 51, pp. 31-32). In addition, Plaintiff alleges this evidence is relevant to her retaliation claim because "these incidents are part of the protected activity [she] engaged in when she complained to management[.]" Id. at p. 5.

In response to Plaintiff's Objections, Defendant argues that the Enumerated Allegations should be excluded because they constitute comparator evidence which the Court rejected in its summary judgment Order. Dkt. No. 95, pp. 2-3. Defendant contends that "the jury cannot consider the same evidence this Court rejected and draw a different conclusion than this Court did in its summary judgment order." Id. at p. 3. Additionally, Defendant maintains that Plaintiff's argument that the Enumerated Allegations are part of her retaliation claims is "nonsensical." Id. Lastly, Defendant asks that the Court clarify that the only evidence Plaintiff is allowed to offer at trial in support of her discrimination claims is Taylor's comment that two other managers did not like her because she is black. Id. at pp. 4-5.

I. **STANDARD OF REVIEW**

A district judge must consider a party's objections to a magistrate judge's order on a pretrial matter. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). However, the district judge may modify or set aside that order, and reconsider the pretrial matter, only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a).

## II. WHETHER THE ENUMERATED ALLEGATIONS ARE ADMISSIBLE ON PLAINTIFF'S CLAIMS OF RETALIATION

Plaintiff argues in her Objections that Management's refusal to listen to her ideas during management meetings and failure to respond to emails or to otherwise communicate with her are "relevant to support the Plaintiff's protected activity, an element of the Plaintiff's retaliation claims." Dkt. No. 94, pp. 6-7. Defendant correctly points out that Plaintiff did not advance this argument in response to its Motion in Limine. Dkt. No. 95, p. 4. Ordinarily, the Court will not consider arguments that are raised for the first time in Objections. However, in fairness to Plaintiff, Defendant's Motion in Limine sought the exclusion of this evidence to the extent it was offered as "comparator evidence." Dkt. No. 64, pp. 4-7. Therefore, neither the Plaintiff nor the Magistrate Judge addressed whether this evidence was admissible as to Plaintiff's retaliation claim. Additionally, Plaintiff has cited to this evidence as part of her retaliation claim throughout this case. Accordingly, the Court will address Plaintiff's arguments that this evidence is relevant to her relation claims.

In the portion of its Summary Judgment Order discussing retaliation, the Court noted that Plaintiff had verbally communicated to management what she believed to be discriminatory treatment. Dkt. No. 51, p. 8. The Court

specifically stated that Plaintiff's areas of complaints included treatment at staff meetings and a lack of communication. Id. at pp. 4-5. The Court explained,

> Plaintiff specifically expressed to Taylor her belief that her race was the reason she was being treated differently than white employees. Spriggs Dep. 170:5-8. While Plaintiff did not report her concerns to human resources, she complained to Taylor 'on many, many occasions.' Id. at 91:13-21; 92:9-11. Plaintiff also complained to [Richard] Gerhart[, the VPC Supervisor,] that she believed her treatment during management meetings was based on her race. Id. at 87:24-90:2.

Id. at p. 8.

Later in its Order, the Court assessed whether Plaintiff could establish the following basic elements of a Title VII retaliation claim: (1) a statutorily protected activity; (2) a materially adverse action; and (3) a causal relation between the protected activity and the adverse action. Id. at p. 34 (citing Butler v. Ala. Dep't of Transp., 536 F.3d 1209, 1212-13 (11th Cir. 2008)). In that assessment, the Court reiterated that Plaintiff "verbally complained to Gerhart that she was being mistreated in the management meetings, and specifically told him that she believed she was being treated differently because she was black. Spriggs Dep. 87:24-90:2. She also claims that she complained repeatedly about racial discrimination to Taylor. Dkt. no. 1, 191:19-20." Id. at p. 36. The Court went on to conclude that these verbal complaints established a *prima facie*

case of retaliation due to protected speech, and that the "evidence could reasonably support a finding that those managers would want to terminate her if she began to complain about the racial discrimination she suffered at their hands." Id. at pp. 37-38.

As this analysis from the Court's summary judgment Order bears out, management's alleged refusal to listen to Plaintiff during management meetings and their alleged failure to communicate with her are inextricably intertwined with her retaliation claims. This alleged mistreatment was the substance of her complaints, and those complaints are the heart of her claims of retaliation. Put another way, the Court has already ruled that the jury will determine whether Plaintiff was terminated for protected speech, and, in order to do so, the jury must hear the substance of that speech.

For these reasons, Plaintiff's objections are **SUSTAINED** to the extent she intends to offer evidence of the Enumerated Allegations to prove her claims of retaliation. Plaintiff will be allowed to introduce evidence that she complained that members of management refused to listen to her ideas during management meetings and failed to respond to emails or to otherwise communicate with her, and that she complained that such alleged mistreatment was racially motivated.

## III. WHETHER THE ENUMERATED ALLEGATIONS ARE ADMISSIBLE ON PLAINTIFF'S CLAIMS OF DISCRIMINATION.

In its Motion in Limine, Defendant argued that the Enumerated Allegations could not be offered as "comparator evidence." Dkt. No. 64, pp. 6-7. Defendant specifically maintained that "the introduction of any comparator evidence (i.e.[,] allegedly differential and discriminatory treatment between Plaintiff and others) is not relevant to Plaintiff's remaining claims and would confuse and mislead the jury if introduced." Id. at p. 6. Indeed, in its summary judgment ruling, the Court rejected Plaintiff's attempt to establish discrimination by arguing that white employees were given different treatment than her. Dkt. No. 59, pp. 29-31. Thus, the Magistrate Judge correctly ruled that Plaintiff would "not be permitted to present these allegations that management treated white employees differently than they treated her." Dkt. No. 88, p. 10.

However, in their pleadings following the Magistrate Judge's Order, the parties raise a different issue: whether the Enumerated Allegations can be presented not as comparator evidence but as to part of the "mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." Dkt. No. 51, p. 31 (quoting Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1328

(11th Cir. 2011)). Plaintiff argues that "the jury should be allowed to weigh this evidence against other evidence when deciding the case, since the Enumerated Allegations are relevant to Plaintiff's claims of discrimination, without reference to how other employees may have been treated." Dkt. No. 94, p. 5.

For its part, Defendant contends that the Court's summary judgment Order precludes Plaintiff from offering the Enumerated Allegations for this purpose. Defendant argues that, "this Court held that the Enumerated Allegations 'do not give rise to an inference of discrimination' as a matter of law." Dkt. No. 95, p. 3 (quoting Dkt. No. 51, pp. 31-32). Defendant takes the additional step of asking the Court to "clarify that the only circumstantial evidence Plaintiff can introduce at trial to establish a discriminatory motive is Taylor's comment to Plaintiff that Whitmore and Gerhart did not like her because she is black."[2] Id. at p. 6. Plaintiff contends that the jury should hear only evidence as to Taylor's comment because this comment is the only circumstantial evidence of discrimination cited by the Court in its summary judgment Order. Id. at p. 4-5.

Defendant overstates the evidentiary impact of the Court's Order on summary judgment. In that ruling, the Court noted that

---

[2] Defendant did not specifically request this relief in its Motion in Limine. However, the Court will address this issue at this stage because this request is related to the issues raised by the Motion in Limine, and judicial efficiency warrants resolving this request before trial.

"Plaintiff has enumerated several instances of alleged discrimination throughout her complaint and deposition." Dkt. No. 51, p. 31. After noting that "most of these allegations do not give rise to an inference of discrimination", the Court cited two examples of such unavailing allegations. Id. at pp. 31-32. The Court explained that Plaintiff had failed to prove that manager Richard Whitmore's comment about spouses working together was racially motivated. Id. at p. 32. Additionally, the Court reasoned that accusations levied by co-worker Jon McIntyre could not support an inference of discrimination because McIntyre was not a manager over Plaintiff. Id.

In contrast, the Court never specifically addressed whether Plaintiff's managers' alleged refusal to listen to her during management meetings or their failure to communicate with her could support an inference of discrimination. Rather, the Court focused on Taylor's statement that Whitmore and Gerhart were mistreating Plaintiff and did not like her because she is black. Id. at p. 33. The Court held that "[e]ven if the rest of Plaintiff's proffered examples of discrimination are easily dismissed as routine disciplinary measures or, at most, common rudeness in the workplace", Taylor's statement was enough for Plaintiff to survive summary judgment. Id. (emphasis supplied). As the phrase "even if" indicates, the Court needed not, and

therefore, did not, decide whether the Enumerated Allegations could add to the mosaic of circumstantial evidence of discrimination.

Defendant is correct that the Court only specifically cited to Taylor's statement when finding that Plaintiff presented sufficient evidence to survive summary judgment. However, that does not equate to a ruling that the comment "is the **only** evidence that Plaintiff should be permitted to present to the jury to prove her case", as Defendant contends. Dkt. No. 95, p. 5 (emphasis in original). Defendant's argument to this end conflates the judge's inquiry at summary judgment with the jury's role at trial. Plaintiff should not be limited at trial to only presenting that evidence that the Court cited in denying summary judgment.

On a motion for summary judgment, the inquiry is merely whether there is sufficient evidence to create a genuine dispute as to a material fact. Fed. R. Civ. P. 56(a); Osborn v. Haley, 549 U.S. 225, 259 (2007) ("if the plaintiff provides sufficient evidence to survive summary judgment, the defendant must win the case at trial"); Bussenius v. Bank of Am., N.A., 611 F. App'x 674 (11th Cir. 2015)("the nonmoving party must make a showing that is sufficient to allow a jury to reasonably find on his behalf"). At the summary judgment stage, the Court's function is not "to weigh the evidence and determine the truth of the

matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Consequently, when holding that Plaintiff's discrimination claims could survive summary judgment, the Court did not need to describe all of the evidence supporting those claims. Rather, the Court only cited a sufficient amount of evidence to create a genuine dispute of material fact. Put simply, Taylor's comment was enough, and the Court did not need to go further into the evidence. However, this does not preclude Plaintiff from going further at trial.

Having concluded that the summary judgment Order did not determine whether the Enumerated Allegations are admissible to support Plaintiff's claims of discrimination, the Court now turns to that question. In making this determination, the Court is guided by the principle that the general test for the admissibility of evidence is that relevant evidence is admissible unless a constitutional, statutory, or other rule specifically provides otherwise. Fed. R. Evid. 402. "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Civ. 401.

Unlike the accusations levied by co-worker Jon McIntyre, management's alleged mistreatment of Plaintiff at meetings and

the refusal to communicate with her describe actions taken by Plaintiff's supervisors that were involved in the decision to terminate her. Additionally, unlike manager Richard Whitmore's comment about spouses working together, Plaintiff has some evidence that the Enumerated Allegations were racially motivated. As pointed out repeatedly above, Taylor allegedly told Plaintiff that two of Plaintiff's managers were mistreating her because she is black.[3] Additionally, Plaintiff contends that the Enumerated Allegations establish that the same managers who decided to terminate her "failed to follow Defendant's own open door communications policy" as to her. Dkt. No. 94, pp. 5-6. The jury could find that this evidence, when combined with other evidence in the case, supports Plaintiff's claims that these managers were racially biased against her, and therefore, that their decision to terminate her was racially motivated.[4]

---

[3] As the Court noted in its summary judgment analysis of Plaintiff's retaliation claim, Taylor's alleged statement "looms over much of the evidence in this case." Dkt. No. 51, p. 38. If the jury believes Plaintiff that management failed to listen to her at meetings and failed to communicate with her, then the jury would be more likely to believe that Taylor made this statement to Plaintiff.

[4] To be clear, the Court does not find that a failure to follow a communication policy, standing alone, is sufficient to create an inference of discrimination. See Taleyarkhan v. Purdue Univ., No. 4:10 CV 39, 2014 WL 4905443, at *14 (N.D. Ind. Sept. 29, 2014) ("assuming that defendant violated its own policies in all of the ways plaintiff claims, these facts would constitute the entirety of the mosaic of circumstantial evidence in plaintiff's favor, and they do not present a convincing one.") (citing, Guinto v. Exelon Gen. Co., LLC, 341 F. App'x 240, 247 (7th Cir. 2009) (failure of employer to follow its own policies, without more, does not raise inference of discrimination)); Kohut v. Home Depot U.S.A., Inc., No. 09 C 4321,

For these reasons, Plaintiff's objections are **SUSTAINED** to the extent she intends to offer evidence of the Enumerated Allegations to prove her claims of discrimination.

**CONCLUSION**

For the reasons and in the manner set forth above, Plaintiff's Objections, dkt. no. 94, are **SUSTAINED**. To be clear, Plaintiff will not be allowed to introduce evidence that her white coworkers were treated differently than her as all comparator evidence was excluded by the Magistrate Judge's August 21, 2015, Order, and Plaintiff has not objected to the exclusion of comparator evidence. Additionally, Plaintiff has not asserted a separate claim for harassment or hostile work environment and cannot add any such claim at this stage.[5] However, Plaintiff will be permitted to support her claims that Defendant terminated her due to her race and in retaliation for her protected speech with evidence that her managers refused to listen to her ideas during management meetings and failed to respond to emails or to otherwise communicate with her. The

---

2010 WL 5288172, at *7 (N.D. Ill. Dec.16, 2010) (same). However, given that the Court has already found that Plaintiff has sufficient evidence to proceed on her discrimination claims, this evidence of alleged mistreatment by her supervisors makes her claims of discriminatory termination more likely.

[5] Plaintiff averred she "has not asserted a separate claim for either 'harassment' or hostile work environment based on race under Title VII or 42 U.S.C. § 1981." Dkt. No. 39, p. 3, n.3 (citing Compl., ¶¶ 31-35, 41-47.) Additionally, Plaintiff did not set forth any harassment or hostile work environment claim in her portion of the Pre-Trial Order. Dkt. No. 54, p. 5.

AO 72A
(Rev. 8/82)

18

remainder of the Magistrate Judge's Order on Defendant's Motion in Limine shall remain the Order of the Court.

**SO ORDERED**, this ___6___ day of October, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA