# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

LATANYA SPRIGGS,

    Plaintiff,

v.

MERCEDES-BENZ USA, LLC,

    Defendant.

CIVIL ACTION NO.: 2:13-cv-51

## **O R D E R**

This matter is before the Court on Defendant Mercedes Benz USA, LLC's ("Defendant") Objections to Plaintiff's Exhibit List and Deposition Designations. (Docs. 70, 78.)[1] Plaintiff filed a Response. (Doc. 83.) For the reasons which follow, Defendant's Objections are **DISMISSED** in part, **SUSTAINED** in part, and **OVERRULED** in part.

## BACKGROUND

Plaintiff Latanya Spriggs ("Plaintiff") began working at Defendant's Vehicle Processing Center ("VPC") in Belcamp, Maryland, in October 1999. Plaintiff applied for a transfer to the VPC in Brunswick, Georgia, as a Parts Person. Plaintiff was hired for this position over other applicants and began working at the Brunswick VPC on January 4, 2010. (Doc. 51, p. 2.) Plaintiff, who is black, asserts that her managers began treating her in a discriminatory manner vis-à-vis the white employees shortly after she began working at the VPC in Brunswick. (Doc. 1, p. 3.) Specifically, Plaintiff asserts management refused to listen to her ideas or suggestions at management meetings, where she was the only black employee present. Plaintiff

---

[1] Document Number 70 has been supplanted by Document Number 78, per Defendant's representation during the hearing on September 16, 2015. This Order is meant to be a ruling on both of these filings for docketing purposes.

contends her supervisors did not respond to her emails and refused to communicate with her regarding the performance of her job. (Id.) Plaintiff avers her supervisors made comments about her work attire being inappropriate, made false accusations against her regarding her interactions with her co-workers, and made "snide" comments about her husband, who also worked at the VPC in Brunswick. According to Plaintiff, these actions were taken because of her race. Plaintiff alleges she verbally complained about the treatment she received to her supervisor, Charles Taylor, yet the treatment continued. (Id. at p. 4.) Plaintiff states Defendant fired her on November 23, 2010, without cause and replaced her with a white male. (Id. at p. 5.) Plaintiff filed a charge of discrimination, as amended, with the Equal Employment Opportunity Commission ("EEOC") based on her contentions Defendant discriminated against her because of her race and had retaliated against her for her complaints about her treatment.

Plaintiff filed a cause of action against Defendant pursuant to 42 U.S.C. §§ 2000e, *et seq*., ("Title VII") and 42 U.S.C. § 1981 and alleged in her four (4) count Complaint that Defendant: treated her differently than similarly situated white employees (Count I); retaliated against her by terminating her because she objected to and complained about racial discrimination and by providing false or misleading information to prospective employers (Counts II and IV); and intentionally discriminated against her due to her race (Count III).[2] (Doc. 1.)

Defendant filed a Motion for Summary Judgment, (doc. 34), to which Plaintiff filed a Response, (doc. 39.) Chief Judge Lisa Godbey Wood granted Defendant's Motion in part and denied it in part. (Doc. 51.) Chief Judge Wood denied Defendant's Motion on Counts I and III and the portions of Counts II and IV in which Plaintiff stated Defendant retaliated against her based on her verbal complaints about workplace discrimination. Chief Judge Wood granted

---

[2] Plaintiff filed her Complaint in United States District Court for the District of New Jersey, and this cause of action was transferred to this Court after Defendant's motion to transfer venue was granted by the New Jersey court. (Docs. 7, 12.)

Defendant's Motion on Counts II and IV as to those portions in which Plaintiff alleged Defendant retaliated against her based on her written complaints and by making false statements about her to prospective employers. (Id. at p. 2.)

Chief Judge Wood specifically found that, although Plaintiff did not present evidence of similarly situated white employees (or comparators) who were treated differently than she was, Plaintiff did present circumstantial evidence which would allow the trier of fact to determine whether Defendant discriminated against her based on her race. (Id. at p. 31.) Chief Judge Wood determined Plaintiff's allegation that she was terminated as a retaliatory measure based on her written survey failed because management did not receive the results of this survey "until the first quarter of the following year after Plaintiff's termination." (Id. at p. 37.) Chief Judge Wood also determined Plaintiff failed to present evidence to support her claim that Defendant retaliated against her by making false accusations against her to prospective employers. (Id. at p. 39.) However, Chief Judge Wood found Defendant was not entitled to summary judgment on Plaintiff's claims that she was retaliated against by being fired based on her verbal complaints of racial discrimination. (Id. at p. 38.) Thus, Plaintiff's contentions that Defendant discriminated against her based on her race and that Defendant retaliated against her after she made verbal complaints about alleged racial discrimination by terminating her are the claims remaining before the Court.

Defendant then filed a Motion in Limine seeking the exclusion of various categories of evidence during the trial of this case it contended was precluded in light of Chief Judge Wood's Order on its Motion for Summary Judgment. (Doc. 64.) The Court initially ruled that Plaintiff could not present testimony and evidence relating to: 1) management's alleged refusal to listen to Plaintiff's ideas during management meetings; 2) management's alleged failure to respond to

3

emails or to otherwise communicate with Plaintiff regarding issues pertinent to her job function; 3) alleged comments about Plaintiff's work attire, her husband working at the VPC in Brunswick, and interactions with other Brunswick VPC employees; 4) alleged opportunities management gave to white employees to improve upon performance and behavioral issues which were not afforded to Plaintiff; and 5) management's alleged failure to discipline white employees with equally serious "behavioral" issues as Plaintiff's. (Doc. 88, pp. 8–10.). Plaintiff filed partial objections to this ruling concerning the exclusion of evidence relating to management's alleged refusal to listen to her ideas during meetings and management's alleged failure to respond to emails or to otherwise communicate with Plaintiff regarding issues pertinent to her job functions. (Doc. 94.) Chief Judge Wood sustained Plaintiff's objections and found this evidence to be "inextricably intertwined" with Plaintiff's retaliation claims. (Doc. 98, p. 11.) Chief Judge Wood also determined Plaintiff should be able to present evidence at trial that management's alleged treatment of her was racially motivated and that, therefore, their decision to terminate her was racially motivated. (Id. at p. 17.)

The Court conducted a hearing on Defendant's Objections on September 16, 2015. The Court's ruling on each of these matters follows.

## DISCUSSION

### I. Motions in Limine

#### A. Job Description-Parts Person (Objection No. 1)

At the hearing on this matter, Defendant's counsel represented Defendant did not have objection to the introduction of this exhibit. Thus, Defendant's Objection is **DISMISSED** as moot.

**B.     "Behavior Issues"/Performance and Job Development Reviews (Objection Nos. 2–4)**

Defendant objects to the introduction of Plaintiff's job performance and job development review for the years 2008, 2009, and 2010. Defendant asserts these exhibits should be excluded from presentation to the jury in the trial of this case based on the reasons set forth in the Order dated August 21, 2015, granting Defendant's Motion in Limine. (Doc. 88.) Defendant contends these exhibits are only relevant as to Plaintiff's comparator evidence, which the Court has already rejected. Defendant also contends Plaintiff cannot use these exhibits as part of the "mosaic of circumstantial evidence" theory of liability this Court has sanctioned because there is nothing in these reviews indicating any discrimination.

Plaintiff responds that these exhibits were not presented in response to Defendant's motion for summary judgment. Plaintiff alleges these exhibits are relevant as to whether Plaintiff's supposed behavioral issues were a pretext for her discharge. Plaintiff also alleges she is not presenting these exhibits to show her performance as compared to others, only whether Plaintiff fulfilled the goals Defendant set. Plaintiff asserts there is nothing in these documents about other employees, only her. Plaintiff contends that, if Defendant is going to present evidence from her former supervisors at the VPC in Maryland, she can bring in this evidence to help show that her Maryland supervisors said nothing about her job performance being substandard. Plaintiff averred these documents can go to show what circumstances may have changed in October through November 2010 when she was fired.

Defendant states Plaintiff was not terminated for her work performance and that comments allegedly made to Gerhart from people at the VPC in Maryland did not have anything to do with Plaintiff's substantive job performance. In fact, Defendant states there is no reason to believe Plaintiff was bad at her job, and she was terminated based solely on her behavior issues.

Defendant contends Chief Judge Wood already decided this issue on summary judgment, and the effect of allowing this evidence during the trial of this case would be to have the jury decide the summary judgment motion again. Defendant also contends that Chief Judge Wood rejected Plaintiff's pretext argument.

Defendant's Objection is **OVERRULED** at this time. As stated above, Chief Judge Wood has ruled Plaintiff can present evidence relating to management's alleged treatment of her in support of her remaining retaliation and discrimination claims. However, as Plaintiff is undoubtedly aware, she cannot present this evidence as comparator evidence (i.e., how her treatment by management may have differed from that of her white co-workers) or for any other purpose.

### C. Employee Profile Form (Objection No. 5)

Defendant maintains its objection to this exhibit is that this form summarizes Plaintiff's performance ratings.[3] Plaintiff asserts this exhibit is relevant to her damages because it indicates what her salary progression was and what her salary was at the time of her termination.

The parties indicated that they can agree to stipulate what Plaintiff's salary was at the time of her termination. Based on that representation, Defendant's Objection is **DISMISSED** as moot. Should Plaintiff seek to present this document during the trial of this case, Defendant can voice any objection it deems necessary at that time.

### D. Defendant's 2010 Report to EEOC (Objection No. 6)

Defendant contends this report, which purports to show the racial composition of the VPC in Brunswick, Georgia, is not part of the "mosaic of circumstantial evidence" because Chief Judge Wood ruled on summary judgment that this "mosaic" was only one piece of evidence. Defendant also contends this exhibit cannot be presented to show "discriminatory animus"

---

[3] Defendant states its objection to this is the same as the objection to Plaintiff's performance reviews.

because this phrase is the same as "racially hostile work environment", and Plaintiff has abandoned this claim. Defendant asserts this exhibit is only marginally relevant because it could show a discriminatory animus against Plaintiff, but the relevance is outweighed by the prejudice.

Plaintiff avers this exhibit is relevant because it shows the lack of racial diversity at the VPC in Brunswick, which will give the jury a picture of the racial makeup of the VPC. Plaintiff also avers this exhibit can show the discriminatory animus which was present at the VPC in Brunswick, particularly that of the two decisionmakers who Plaintiff was told did not like her because of her race. Plaintiff contends this exhibit could go to show whether the comments attributed to the decisionmakers about Plaintiff's race were made. Plaintiff also contends Defendant can rebut this evidence with other evidence, such as the fact that Plaintiff's husband still works at the VPC in Brunswick.

Defendant's Objection is **OVERRULED**. This document could show the lack of racial diversity at the VPC in Brunswick as support for Plaintiff's discrimination claim, as noted above. Defendant, of course, will have the opportunity to rebut this document as evidence in support of Plaintiff's discrimination claim. To the extent Plaintiff wishes to present this document as evidence of a racially hostile work environment claim, she cannot do so, as such a claim is not presently before the Court. (See, e.g., Doc. 98, p. 18 n.5.)

### E. Frontline Survey (Objection No. 7)

Plaintiff states she does not want to introduce this document as an exhibit in her case-in-chief, but she may want to present it as rebuttal evidence depending on what Defendant's witnesses testify to at trial. Plaintiff contends she should be able to testify as to her experience at the VPC in Brunswick, including the substance of what is contained in this survey.

Defendant's Objection is **SUSTAINED** at this time. Plaintiff shall not be permitted to present this document during her case-in-chief.[4] However, Plaintiff can testify as to her experiences at the VPC in Brunswick, including the actual substance of what is contained in this survey, provided counsel lays the proper foundation for this testimony. This ruling will in no way permit Plaintiff from testifying about having completed a written survey in November 2010, as Plaintiff's counsel conceded during the hearing on this matter.

**II.     Deposition Designations**

Defendant did not identify any opposition to Plaintiff's deposition designations, as there is not deposition testimony Plaintiff wishes to present. Thus, any objections to the same on Defendant's part are **DISMISSED** as moot.

**SO ORDERED**, this 19th day of October, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] Plaintiff's counsel sought to reserve production of this document as rebuttal evidence. Should Plaintiff wish to present this document as rebuttal evidence, Defendant can voice any objection to the introduction at that time.