# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

LATANYA SPRIGGS,

    Plaintiff,

v.

MERCEDES-BENZ USA, LLC,

    Defendant.

CIVIL ACTION NO.: 2:13-cv-51

## O R D E R

This matter is before the Court on Plaintiff's Objections to Defendant's Trial Exhibits, as amended, and Plaintiff's Objections to Defendant's Deposition Designations. (Docs. 71, 81; Doc. 72.)[1] Defendant filed a Response. (Doc. 84.) For the reasons which follow, Plaintiff's Objections are **DISMISSED** in part, **SUSTAINED** in part, and **OVERRULED** in part.

## BACKGROUND

Plaintiff Latanya Spriggs ("Plaintiff") began working at Defendant's Vehicle Processing Center ("VPC") in Belcamp, Maryland, in October 1999. Plaintiff applied for a transfer to the VPC in Brunswick, Georgia, as a Parts Person. Plaintiff was hired for this position over other applicants and began working at the Brunswick VPC on January 4, 2010. (Doc. 51, p. 2.) Plaintiff, who is black, asserts that her managers began treating her in a discriminatory manner vis-à-vis the white employees shortly after she began working at the VPC in Brunswick. (Doc. 1, p. 3.) Specifically, Plaintiff asserts management refused to listen to her ideas or suggestions at management meetings, where she was the only black employee present. Plaintiff

---

[1] Document Number 71 has been supplanted by Document Number 81, per Plaintiff's representation during the hearing on September 16, 2015. This Order is meant to be a ruling on both of these filings for docketing purposes.

contends her supervisors did not respond to her emails and refused to communicate with her regarding the performance of her job. (Id.) Plaintiff avers her supervisors made comments about her work attire being inappropriate, made false accusations against her regarding her interactions with her co-workers, and made "snide" comments about her husband, who also worked at the VPC in Brunswick. According to Plaintiff, these actions were taken because of her race. Plaintiff alleges she verbally complained about the treatment she received to her supervisor, Charles Taylor, yet the treatment continued. (Id. at p. 4.) Plaintiff states Defendant fired her on November 23, 2010, without cause and replaced her with a white male. (Id. at p. 5.) Plaintiff filed a charge of discrimination, as amended, with the Equal Employment Opportunity Commission ("EEOC") based on her contentions Defendant discriminated against her because of her race and had retaliated against her for her complaints about her treatment.

Plaintiff filed a cause of action against Defendant pursuant to 42 U.S.C. §§ 2000e, *et seq.*, ("Title VII") and 42 U.S.C. § 1981 and alleged in her four (4) count Complaint that Defendant: treated her differently than similarly situated white employees (Count I); retaliated against her by terminating her because she objected to and complained about racial discrimination and by providing false or misleading information to prospective employers (Counts II and IV); and intentionally discriminated against her due to her race (Count III).[2] (Doc. 1.)

Defendant filed a Motion for Summary Judgment, (doc. 34), to which Plaintiff filed a Response, (doc. 39.) Chief Judge Lisa Godbey Wood granted Defendant's Motion in part and denied it in part. (Doc. 51.) Chief Judge Wood denied Defendant's Motion on Counts I and III and the portions of Counts II and IV in which Plaintiff stated Defendant retaliated against her based on her verbal complaints about workplace discrimination. Chief Judge Wood granted

---

[2] Plaintiff filed her Complaint in United States District Court for the District of New Jersey, and this cause of action was transferred to this Court after Defendant's motion to transfer venue was granted by the New Jersey court. (Docs. 7, 12.)

2

Defendant's Motion on Counts II and IV as to those portions in which Plaintiff alleged Defendant retaliated against her based on her written complaints and by making false statements about her to prospective employers. (Id. at p. 2.)

Chief Judge Wood specifically found that, although Plaintiff did not present evidence of similarly situated white employees (or comparators) who were treated differently than she was, Plaintiff did present circumstantial evidence which would allow the trier of fact to determine whether Defendant discriminated against her based on her race. (Id. at p. 31.) Chief Judge Wood determined Plaintiff's allegation that she was terminated as a retaliatory measure based on her written survey failed because management did not receive the results of this survey "until the first quarter of the following year after Plaintiff's termination." (Id. at p. 37.) Chief Judge Wood also determined Plaintiff failed to present evidence to support her claim that Defendant retaliated against her by making false accusations against her to prospective employers. (Id. at p. 39.) However, Chief Judge Wood found Defendant was not entitled to summary judgment on Plaintiff's claims that she was retaliated against by being fired based on her verbal complaints of racial discrimination. (Id. at p. 38.) Thus, Plaintiff's contentions that Defendant discriminated against her based on her race and that Defendant retaliated against her after she made verbal complaints about alleged racial discrimination by terminating her are the claims remaining before the Court.

Defendant then filed a Motion in Limine seeking the exclusion of various categories of evidence during the trial of this case it contended was precluded in light of Chief Judge Wood's Order on its Motion for Summary Judgment. (Doc. 64.) The Court initially ruled that Plaintiff could not present testimony and evidence relating to: 1) management's alleged refusal to listen to Plaintiff's ideas during management meetings; 2) management's alleged failure to respond to

emails or to otherwise communicate with Plaintiff regarding issues pertinent to her job function; 3) alleged comments about Plaintiff's work attire, her husband working at the VPC in Brunswick, and interactions with other Brunswick VPC employees; 4) alleged opportunities management gave to white employees to improve upon performance and behavioral issues which were not afforded to Plaintiff; and 5) management's alleged failure to discipline white employees with equally serious "behavioral" issues as Plaintiff's. (Doc. 88, pp. 8–10.). Plaintiff filed partial objections to this ruling concerning the exclusion of evidence relating to management's alleged refusal to listen to her ideas during meetings and management's alleged failure to respond to emails or to otherwise communicate with Plaintiff regarding issues pertinent to her job functions. (Doc. 94.) Chief Judge Lisa Godbey Wood sustained Plaintiff's Objections and found this evidence to be "inextricably intertwined" with Plaintiff's retaliation claims. (Doc. 98, p. 11.) Chief Judge Wood also determined Plaintiff should be able to present this evidence at trial regarding management's alleged treatment of her was racially motivated and that, therefore, their decision to terminate her was racially motivated. (Id. at p. 17.)

The Court conducted a hearing on Plaintiff's Objections on September 16, 2015. The Court's ruling on each of these matters follows.

## DISCUSSION

### I. Motions in Limine

#### A. April 2010 Accident Reports (Objection Nos. 1–3)

Defendant asserts these accident reports are relevant only if Plaintiff's objections to the Court's Order on its Motion in Limine are sustained. Defendant contends these accident reports show its discipline of other employees for the same kind of misconduct Plaintiff claims she was singled out for based on her race, which qualifies as pure comparator evidence. Defendant

asserts these accident reports qualify as present sense impression exceptions to the hearsay rule because Toby Gerhart, the author of these reports, completed the reports immediately after the occurrence of each incident. In addition, Defendant asserts Gerhart will be available to testify at trial.

As noted above, Plaintiff's objections to the Order on Defendant's Motion in Limine were sustained. Thus, the Court must determine whether the contents of these accident reports are relevant and admissible. According to Plaintiff, these reports are inadmissible hearsay.

"'Hearsay' is a statement that: (1) the declarant makes outside of court; and (2) a party offers into evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Hearsay is not admissible during a trial unless specifically excepted by statute or rule. See Fed. R. Evid. 802. Federal Rule of Evidence 803(1) provides that statements "describing or explaining an event or condition, made while or immediately after the declarant perceived it," also known as "present sense impressions," are exceptions to the rule against hearsay and are not excluded, regardless of the declarant's availability as a witness. Fed. R. Evid. 803(1). "'The underlying theory of this exception is that the substantial contemporaneity of the event and the statement negate the likelihood of deliberate or conscious misrepresentation.'" United States v. Holmes, 498 F. App'x 923, 924 (11th Cir. 2012) (quoting United States v. Scrima, 819 F.2d 996, 1000 (11th Cir. 1987)).

Assuming these accident reports are relevant to the issues remaining before the Court, these accident reports do not appear to fall within the present sense impression exception to the hearsay rule. Defendant's Exhibit 1, which is Lana Bowling's accident report dated April 9, 2010, was not executed by Gerhart. Rather, this report was completed by Bowling. (Def.'s Ex. 1.) In addition, the Court can only presume Gerhart was the author of the accident reports

for Matthew Menendez, dated April 28, 2010, and Ashley Adams' accident report, also dated April 28, 2010, since the handwriting on these two documents appears to be the same and Gerhart's name is the only commonality on these documents. (Def.'s Exs. 2, 3.) However, there is no evidence that this is the case. In addition, it is not clear –even presuming Gerhart is the author of these reports—whether the contents of the reports were based on Gerhart's perception of events or on the perceptions of others, as relayed to Gerhart.

As presented, the Court must **SUSTAIN** Plaintiff's Objection to the introduction of these exhibits at this time. However, should Defendant be able to lay the proper foundation for the admission of these exhibits or the contents thereof at trial, these documents could be admissible, subject to Plaintiff's objection.

### B. Sanfillippo Email Dated November 18, 2010 (Objection No. 4)

According to Defendant, the contents of this email are relevant because they describe the incidents of Plaintiff's behavior forming the basis of Defendant's legitimate, non-discriminatory reason for Plaintiff's termination. Defendant states this email is relevant to show that the subordinates did not want to work with Plaintiff and helps to show the frame of mind of the decisionmakers at the time of Plaintiff's termination.

Plaintiff responds that the problem with this email is that Sanfillippo, the declarant, is not a decisionmaker. Plaintiff notes that, while the decisionmakers will be free to testify as to their impressions of Plaintiff, this email should not be admitted at trial.

Plaintiff's Objection is **SUSTAINED**. The decisionmakers are free to testify as to their impressions of Plaintiff, but this email is not admissible for that purpose.

### C. Email from Gerhart to Whitmore Dated August 11, 2010 (Objection No. 5)

According to Defendant, the contents of this email are relevant because they describe the incidents of Plaintiff's behavior forming the basis of Defendant's legitimate, non-discriminatory reason for Plaintiff's termination. Defendant asserts this email falls within the present sense impression, recorded recollection, and business records exceptions to the hearsay rule. Defendant maintains this email shows that Plaintiff received written notification of a problem and was counseled as to this problem. Defendant states Gerhart will be present at trial.

Plaintiff avers this email contains comments attributed to others and does not fall within the business records exception to the hearsay rule.

The business records exception to the hearsay rule provides:

A record of an act, event, condition, opinion, or diagnosis if:

(A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

Plaintiff's Objection to the introduction of this email is **OVERRULED** at this time. While the Court is not convinced this email falls within the business records exception to the hearsay rule (i.e., Defendant, the proponent of this evidence, did not fulfill its obligations of Rule 803(6) during the hearing on these matters), Defendant shall have the opportunity to lay the

proper foundation for the introduction of this email during trial, such as having Gerhart testify at trial.

### D. Taylor Email Dated October 24, 2012 (Objection No. 6)

Defendant asserts this email documents that Taylor never told Plaintiff that Whitmore, Gerhart, or anyone else at the VPC did not like her because she is black. Defendant also asserts this email is a contemporaneous record or present sense impression of Taylor contradicting Plaintiff's allegation that he told her the decisionmakers did not like her because she is black. Defendant asserts Taylor will be available to testify at trial.

Plaintiff maintains Taylor's email was written in direct response to her Complaint, so this email does not qualify as a present sense impression of the events underlying the Complaint. Plaintiff alleges this email also does not fall within the recorded recollection exception to the hearsay rule.

Plaintiff's Objection to the introduction of this email is **SUSTAINED** for the reasons set forth in Plaintiff's Objections and stated during the hearing. The Court recognizes the relevance of the contents of this email, but Defendant cannot introduce this email as an exhibit during the trial of this case. Defendant may obtain the same information contained in this email by having Taylor testify during the course of the trial of this case.

### E. Statement of J. McArthur dated February 23, 2012 (Objection No. 7)

Defendant asserts that McArthur's statement to the EEOC is relevant to show the lack of a racially hostile work environment at the VPC in Brunswick. Defendant states it seeks to introduce this exhibit in response to Plaintiff's continuing efforts to present evidence relating to her now-abandoned racially hostile work environment claim. Defendant maintains it will not

seek to introduce this statement if there is no evidence relating to a racially hostile work environment claim.

Plaintiff responds that this statement is double hearsay because the EEOC investigator who interviewed McArthur is the one who wrote the statement. Plaintiff contends no exception to the hearsay rule applies, and Defendant cannot lay the proper foundation at trial to make this statement admissible.

Plaintiff's Objection to the admission of this statement is **DISMISSED** as moot. As the parties are aware, any putative racially hostile work environment claim is not pending before the Court. As such, any evidence or testimony presented in support of or rebuttal to this claim is irrelevant to the issues remaining before the Court.

### F. Email from C. Caruso Dated October 17, 2012 (Objection No. 8)

Defendant contends this email is relevant because it shows Plaintiff did not formally complain about race discrimination or harassment. In addition, Defendant asserts Caruso can testify as to the contents of this email.

Plaintiff's Objection to the introduction of this email is **SUSTAINED**. As with Taylor's e-mail above, Defendant may obtain the same information contained in this email by having Caruso testify during the course of the trial of this case.

## II. Deposition Designations

Plaintiff objects to certain portions of Carol Caruso's and Charles Taylor's deposition testimony. At the hearing, Defendant's counsel indicated Caruso and Taylor are planning on appearing at the trial of this case, and Defendant does not intend on introducing their testimony via deposition. However, Defendant's counsel states, in the event these witnesses do not appear

9

before the Court for the trial of this case, he filed a Response to Plaintiff's Objections to its depositions designations.

**A.     Carol Caruso (Doc. 34-6)**

1.     Page 3, Lines 7–13

Defendant withdrew this designation; therefore, Plaintiff's Objection is **DISMISSED** as moot.

2.     Page 53, Lines 19–24

Plaintiff objects to this portion of Caruso's deposition as hearsay. Defendant contends this portion of Caruso's deposition falls outside of the hearsay definition and is being offered only as to what Caruso believed to be Whitmore's reasons for hiring Plaintiff.

Plaintiff's Objection is **OVERRULED** based on Defendant's representation as to the purpose of this testimony.

3.     Page 57, Line 22–Page 58, Line 3

Plaintiff objects to this portion of Caruso's deposition as hearsay and as violative of the best evidence rule. Defendant asserts the admissibility of the email dated October 17, 2012, is also before the Court, and the Court's ruling as to this email should control here.

This Objection is **SUSTAINED**. Caruso can testify as to information contained in this email, but Plaintiff should not be able to offer evidence of the e-mail itself. In the event Caruso is not available to testify, this portion of Caruso's deposition may not be read into evidence.

4.     Page 64, Line 20–Page 65, Line 2

Plaintiff objects to this portion as hearsay. Defendant asserts this portion of the deposition testimony is not hearsay because it is not being offered to establish the truth of the matter, only whether Caruso advised Gerhart about how to address a complaint Plaintiff made.

This Objection is **SUSTAINED** in part and **OVERRULED** in part. Defendant cannot introduce Page 64, Line 25 through Page 65, Line 2, as this is hearsay and is not based on Caruso's personal knowledge. However, the remainder of this objected to testimony may be read into evidence should Caruso be unavailable to testify.

        5.        Page 65, Lines 9–19

Plaintiff objects to this portion as hearsay. Defendant maintains this testimony would be offered as evidence that Caruso spoke with Gerhart about having Plaintiff take direction from management.

Plaintiff's Objection is **OVERRULED** based on Defendant's representation as to the purpose of this testimony.

**B.**        **Charles Taylor (Doc. 34-8)**

        1.        Page 44, Lines 10–11; Page 45, Lines 14–16; Page 83, Lines 5–6; Page 103, Lines 17–19; Page 104, Lines 9–13; Page 154, Lines 7–12; and Page 155, Lines 1–8

These designations were withdrawn, and Plaintiff's Objections thereto are **DISMISSED** as moot.

        2.        Page 101, Lines 15–19

Plaintiff objects to this portion of Taylor's deposition as hearsay. Defendant asserts this testimony is offered only to show whether Taylor had an opinion that Plaintiff had an attitude or disrespect toward management.

Plaintiff's Objection is **OVERRULED**. Defendant is permitted to present evidence that Taylor agreed with Gerhart's opinion that Plaintiff had an attitude or disrespect toward management.

3. Page 101, Line 21–Page 103, Line 3

Plaintiff objects to this portion of testimony as being vague. Defendant responds Taylor testified as to why he believes Plaintiff had an attitude or disrespect toward management.

Plaintiff's Objection is **OVERRULED**. This testimony lends support to Taylor's belief that Plaintiff had an attitude or disrespect toward management and is not vague.

**SO ORDERED**, this 19th day of October, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA