# In the United States District Court
# For the Southern District Of Georgia
# Brunswick Division

| | | |
|---|---|---|
| LATANYA SPRIGGS, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:13-cv-51 |
| | * | |
| v. | * | |
| | * | |
| MERCEDES BENZ USA, LLC, | * | |
| | * | |
| Defendant. | * | |

## ORDER

The above-captioned action is currently set for jury trial commencing on Tuesday, May 10, 2016. For the reasons and in the manner set forth below, the Court hereby **CONTINUES** that trial and sets this matter down for a hearing on Plaintiff's Motion for Partial Relief from the Court's Prior Order, dkt. no. 143. Additionally, the Court **GRANTS** Plaintiff's Motion for an Expedited Response, dkt. no. 144.

### BACKGROUND

Plaintiff Latanya Spriggs ("Plaintiff"), a Black female and former employee of Defendant Mercedes Benz USA, LLC ("Defendant"), filed this employment discrimination action against Defendant on October 15, 2012. Dkt. No. 1. In Counts One and Three of the Complaint, Plaintiff alleged that Defendant discriminated against her in violation of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"), by treating her differently than White employees and terminating her employment based on her race. Id. at 31- 35, 41-47. Plaintiff's Counts Two and Four claimed that Defendant unlawfully retaliated against her under Title VII and Section 1981, by terminating her after she objected to and complained about race discrimination in the workplace. Id. at ¶¶ 36-40, 48-56.

In its September 26, 2014 Order, the Court granted in part and denied in part Defendant's Motion for Summary Judgment. Dkt. No. 51. The Court denied summary judgment on Plaintiff's Counts One and Three, finding that Plaintiff—though having failed to present evidence of similarly situated White employees who were treated differently than her—had put forth "a convincing mosaic of circumstantial evidence" that created a triable jury issue as to whether Defendant fired her with discriminatory intent. Id. at pp. 1-2, 23-34 (quoting Sims v. MVM, Inc., 704 F.3d 1327, 1333 (11th Cir. 2013)). As to Counts Two and Four, the Court granted partial summary judgment in Defendant's favor. The Court granted judgment to Defendant to the extent that Plaintiff's retaliation claims were based on allegations that she made written complaints of race discrimination, including complaints in an annual survey conducted on November 18, 2010. Id. at p. 2. The Court also

AO 72A
(Rev. 8/82)

granted Defendant judgment on Plaintiff's claims that Defendant gave false statements about her to prospective employers following her termination. Id. As to the November 18, 2010, written survey, the Court held that Plaintiff failed to show that supervisors involved in her termination were aware of her survey responses at the time of her termination. Id. at p. 37. Thus, the Court ruled that Plaintiff failed to show causation between her responses and her termination. Id.

This case proceeded to trial on November 2, 2015. See Dkt. No. 103. The jury ultimately was unable to reach a unanimous verdict, and the Court declared a mistrial on November 5, 2015. See Dkt. No. 112. The Court scheduled a new trial of this case to begin on May 10, 2016. Dkt. no. 128.

In anticipation of retrial, Plaintiff filed an Objection to Defendant's Trial Exhibit No. 5, a document entitled "Latanya Spriggs—Notes on her Behavior," ("the notes"). Dkt. No. 130. In the notes, Defendant's employee, Mr. Richard Gerhart, recorded complaints regarding Plaintiff's alleged unsatisfactory work performance and behavioral issues. On April 25, 2016, Plaintiff also filed an "emergency motion," dkt. no. 134, after discovering that two different versions of the notes existed, bearing different dates.[1] Plaintiff contended that Mr. Gerhart's

---

[1] In one version of the notes, Mr. Gerhart had recorded an incident regarding Plaintiff's disagreement with a co-worker as occurring on July 12, 2010,

3

prior testimony that he created the notes "contemporaneously" when the events occurred was, therefore, false, and that this inconsistency raised concerns about the veracity of Defendant's production of documents during the original discovery phase. Id. at p. 6. Plaintiff requested an evidentiary hearing, as well as the exclusion of evidence due to spoliation.

In response, Defendant averred that the discrepancy was the result of a typo, which Mr. Gerhart later corrected, resulting in two different versions of the notes. Dkt. No. 139, p. 5. In support of its argument, Defendant produced an email—previously undisclosed—in which Mr. Gerhart informed a fellow supervisor that he had corrected a typo in the original version of the notes. Dkt. No. 139-2, p. 2.

At the hearing on May 2, 2016, despite his prior testimony that he had created the notes by logging various separate entries "contemporaneously" (as the events occurred), Mr. Gerhart testified that he actually created the document on November 18, 2010. Plaintiff also introduced a recently-produced document confirming that the notes were created on November 18, 2016 at 8:41 p.m., the same date as the aforementioned survey and hours after Plaintiff expressed her belief that management racially discriminated against her.

---

whereas in the second version of the notes, that incident was recorded as occurring on August 11. 2010. Dkt. No. 134, p. 5.

4

At the hearing, Plaintiff contended that this newly unearthed evidence warranted revisiting the Court's prior partial grant of summary judgment, dkt. no. 51. To that end, following the hearing, Plaintiff filed a Motion for Partial Relief from the Court's Order. Dkt. no. 143. In addition, Plaintiff filed a Motion to Expedite Defendant's Response to that motion in light of the upcoming trial date. Dkt. no. 144.

Also, in accordance with the Magistrate Judge's oral Order issued at the May 2, 2016 hearing, counsel met and conferred regarding issues with Defendant's discovery production, and then submitted correspondence to the Court regarding that effort. That correspondence reveals that material disagreements remain between the parties regarding issues of discovery.

## DISCUSSION

The Court finds good cause to examine Plaintiff's Motion for Partial Relief from the Court's Order. Given the significance of the issues raised in that Motion, the parties should be fully heard before the Court issues a ruling. Additionally, the outcome of that Motion could substantially affect the parties' presentation of evidence and argument at trial. Moreover, the parties have extensive disagreements regarding the integrity of Defendant's discovery production. It would be imprudent for the Court to proceed with the trial of this case with these issues hanging in the balance. Therefore,

AO 72A
(Rev. 8/82)

the May 10, 2016 jury trial of this case is hereby **CONTINUED**. The Court will reschedule the trial in the near future.

Additionally, the Court **GRANTS** Plaintiff's Motion for an Expedited Response, dkt. no. 144. Defendant is **ORDERED** to file a response to Plaintiff's Motion for Partial Relief from the Court's Order, dkt. no. 143, on or before Friday, May 6, 2016, at 5:00 p.m. The Court will hold a hearing on Plaintiff's Motion for Partial Relief before the undersigned on **Tuesday, May 10, 2016, at 10:00 a.m.**, in Courtroom One of the Federal Courthouse at 801 Gloucester Street in Brunswick, Georgia.

Additionally, the Court will hold a subsequent hearing to address the discovery issues raised at the May 2, 2016 hearing and the parties' recent correspondence with the Court. That hearing will take place before Magistrate Judge R. Stan Baker on Tuesday, **May 10, 2016, at 2:30 p.m.** Courtroom One of the Federal Courthouse at 801 Gloucester Street in Brunswick, Georgia.

**SO ORDERED**, this 5TH day of May, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA